■ NETTIE J. AASBERG, as Executrix of S. ROBERT AASBERG, Deceased, Respondent, v FRANK RICCINTO et al., Appellants.—Upon stipulation, order unanimously reversed, with costs and motion denied. (Appeal from order of Oswego County Court in action on promissory note.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ BESSIE C. DILLON, Respondent v PHILLIP J. DILLON, Appellant.— Order unanimously reversed, without costs, and motion denied, without prejudice to renewal thereof before Nevins, J. Memorandum: On August 9, 1971 plaintiff served a summons on defendant in an action for divorce. On March 16, 1972 defendant served a notice of appearance and demand for a complaint. However, the parties subsequently entered into a stipulation under which plaintiff was permitted to prove a judgment by default which, it was also agreed, would incorporate the terms of a separation agreement. On June 12, 1972 plaintiff was granted an uncontested judgment of divorce in Supreme Court, Allegany County. However, the judgment was never entered. On November 26, 1974 defendant moved to dismiss the action for failure to serve a complaint. The motion was heard by another Justice in Supreme Court, Erie County, on December 16, 1974 at which time the parties entered into a second stipulation whereby they agreed that the default judgment should be vacated and plaintiff given 20 days to serve her complaint. An order was entered on January 22, 1975 and served on plaintiff the same day reflecting this agreement and starting the running of her 20-day period. Plaintiff's complaint was not served until March 13, 1975 and it was rejected as untimely. On April 14, 1975 a third Supreme Court Justice granted an order compelling acceptance, and defendant has appealed. Plaintiff has shown both a meritorious cause of action and excusable default (*McIntire Assoc v Glens Falls Ins. Co.*, 41 AD2d 692). Nevertheless under the circumstances of this case all the proceedings subsequent to the granting of the default should have been referred to the Justice who granted it. (Appeal from order of Erie Special Term in divorce action.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's pleas of guilty to six separate robberies over a relatively brief period of time fully warranted the sentences imposed by the court. Defendant is an intelligent, knowledgeable young man who despite his assertions of innocence voluntarily entered his pleas of guilty to Class D felonies rather than face the possibility of conviction on the 12 first degree robbery charges pending against him. The indeterminate sentences of not to exceed six years on each count, to run concurrently, in view of the nature of the crimes pleaded to, were not excessive. (Appeal from judgment of Erie Supreme Court convicting defendant of robbery, third degree.) Present—Marsh, P. J., Moule, Cardamone, Del Vecchio and Witmer, JJ.